**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDON WILSON | No. 1:25-cr-00021-SDN |

## PROSECUTION VERSION OF THE OFFENSE

If this matter had proceeded to trial the government would have produced evidence showing that:

From about January 2018 through about August 5, 2022, in the District of Maine and elsewhere, the defendant, Brandon Wilson, willfully attempted to evade and defeat the payment of income tax due and owing by him to the United States of America for the calendar years 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017, plus penalties and interest, by committing the following affirmative acts, among others:

a) Using nominees for buying debt portfolios and receiving proceeds from the sale of debt portfolios;

b) Using nominees for receiving income from debt collection activities;

c) Using nominees to pay Wilson's business expenses relating to debt collection activities;

d) Causing bank accounts designated for Wilson's personal use to be opened by nominees;

e) Using a debit card or debit cards associated with said accounts for Wilson's personal expenses;

f) Using business bank accounts and funds, including bank accounts and funds controlled by ANI Debt, LLC and Commonwealth Associates Group, LLC, to pay for Wilson's personal expenses;

g) Causing business associates to remit payment to him by cash, checks made to cash, online payment platforms, and bank checks; and

h) causing business associates to conduct transactions on his behalf.

Evidence of these acts would include IRS records, bank records, online payment platform records, and business records from entities with which Wilson conducted transactions, as well as testimony from government witnesses and witnesses who were involved in the above acts.

IRS employee testimony and records would show Wilson's assessed tax debt for the subject tax years and his knowledge of that debt. Specifically, IRS tax returns and associated transcripts confirmed that Mr. Wilson had been assessed tax and owed money for tax years 2010 through 2017, and that he was aware of these assessed obligations because of communications he had with the IRS as well as tax collection efforts made by revenue officers prior to and during the time that he did the above-described acts.

Trial testimony would describe Wilson's historic business practices, and show that Wilson changed some of his business practices after the IRS levied his bank accounts and other assets. These changes included holding money in accounts under other people's names and using those nominees to conduct

business and other transactions, and to make repeated, smaller remittances, which could be immediately spent, directly to Wilson using various methods.

Evidence of the affirmative acts of evasion would include witness testimony and specific bank records showing account statements, transfers, wires, and instruments used in the transactions, as well as Cash App and PayPal records, and business records showing Wilson's use of the funds for his own purposes. This evidence would demonstrate that Individual 1 had business dealings with Mr. Wilson in the debt collection industry. In the course of their relationship, and after the IRS actions described above, Mr. Wilson directed Individual 1 to open bank accounts under Individual 1's name for the purpose of receiving and remitting money belonging to Wilson. Wilson possessed a debit card for at least one of these accounts and used that debit card to make personal purchases, including building supplies and payments for domestic expenses in Maine. Individual 1 also used accounts in Individual 1's name to receive money owed to Wilson from debt collection activities. Individual 1 would transfer some of the money to Wilson or make payments on behalf of Wilson and at Wilson's direction, including for Wilson's personal expenses. Individual 1 also transferred money through online payment platforms including PayPal and CashApp to pay Wilson's debt collectors, using tally sheets provided by Individual 3.

In addition, Wilson used accounts opened by Individual 2 under Individual 2's name. At Wilson's direction, Individual 2 added "DBA" (doing business as) names to the accounts relating to Wilson's debt collection business,

which facilitated the collection of money from debt portfolios owned by Wilson. These accounts contained money owned by Wilson. Individual 2 transferred funds by wire for the purchase and sale of debt portfolios owned by Wilson, using checks, bank checks, or wire transfers. Individual 2 also wrote checks on Wilson's behalf for Wilson's personal expenses, and transferred money to Wilson from the accounts holding Wilson's money via online payment platforms, including CashApp, as well as by check. The accounts in Individual 2's name holding Wilson's funds were also used to pay for expenses relating to Wilson's debt collection business, including the payment of the debt collectors.

Date: August 28, 2026

Respectfully submitted,
ANDREW B. BENSON
UNITED STATES ATTORNEY

/s/ **CHRIS RUGE**
Chris Ruge
Assistant United States Attorney
U.S. Attorney's Office
202 Harlow Street, Room 111
Bangor, ME 04401
(207) 945-0373
chris.ruge@usdoj.gov